UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 23-10505-357 |
| **CARLOS ALBERTO RIVAS and TAMARA LYNN RIVAS,** | Chapter 7 |
| Debtors. | Related to Doc. 8 |

## MEMORANDUM OPINION

Debtor Tamara Lynn Rivas filed a Motion for Waiver of Credit Counseling and Financial Management Course on behalf of her husband, Debtor Carlos Alberto Rivas, on October 31, 2023 (the "Motion"). For the reasons stated below, I will grant the Motion and appoint Tamara as Carlos's guardian ad litem.[1]

### I.    Factual and Procedural Background

The Debtors filed their joint Chapter 7 petition on October 31, 2023. That same day, Tamara filed her Certificate of Credit Counseling. No certificate was provided by or for Carlos. Instead, purporting to act in her capacity as Carlos's attorney in fact, Tamara filed the Motion, alleging that Carlos is unable to complete the credit-counseling and financial-management course requirements of 11 U.S.C. § 109(h) and 11 U.S.C. § 727(a)(11), respectively, because of his "incapacity." Attached to the Motion was a copy of a durable power of attorney executed by Carlos in favor of Tamara. The Debtors also filed a letter from a registered nurse practitioner, stating that Carlos has a medical condition that physically prevents him from attending court, as well as inhibits his focus and memory.

I conducted an evidentiary hearing on the Motion on December 4, 2023. Tamara gave sworn testimony as to Carlos's capacity at the time of the execution of the power of attorney, as well as at the time the bankruptcy petition was filed.

---

[1] I refer to the Debtors by their first names to avoid confusion. No disrespect is intended.

II.  Analysis

A threshold question in this case is whether Tamara had the power to file a bankruptcy petition on behalf of Carlos. If so, I must determine whether Carlos should be excused from the credit-counseling and financial-management requirements, as Tamara requests in the Motion.

A.  Carlos Is Incompetent for Purposes of Rule 1004.1.

Under Federal Rule of Bankruptcy Procedure 1004.1, a "representative may file a voluntary petition on behalf of [an] infant or incompetent person." Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure define the term "incompetent." Therefore, I look to Missouri law for guidance. *See In re Kjellsen*, 53 F.3d 944, 946 (8th Cir. 1995) ("In general, state law determines who has the authority to file a bankruptcy petition on behalf of another."); *In re Sugg*, 632 B.R. 779, 786 (Bankr. E.D. Mo. 2021) (same); *In re Maes*, 616 B.R. 784, 797 (Bankr. D. Colo. 2020) (similar).

Missouri law does not use the term "incompetent" in any relevant context. However, state law authorizes the appointment of a guardian for a person who is "incapacitated" and the appointment of a conservator for a person who is "disabled." § 475.079, RSMo. For the following reasons, I conclude that it is sufficient for a representative, next friend, or guardian ad litem seeking to file a bankruptcy petition to demonstrate that the debtor is "disabled" under Missouri law.

> An "incapacitated person" is one who is:
>
> unable by reason of any physical, mental, or cognitive condition to receive and evaluate information or to communicate decisions to such an extent that the person, even with appropriate services and assistive technology, lacks capacity to manage the person's essential requirements for food, clothing, shelter, safety or other care such that serious physical injury, illness, or disease is likely to occur.

*Id.* § 475.010.11. By contrast, a "disabled person" is one who is:

> Unable by reason of any physical, mental, or cognitive condition to receive and evaluate information or to communicate decisions to such an extent that the person lacks ability to manage the person's financial resources.

*Id.* § 475.010.6(a).

Bankruptcy is fundamentally a process concerning a debtor's financial resources. So is a state-law conservatorship. The general duties of a conservator include preserving, protecting, and managing the estate of the protectee, and specific powers include the right to prosecute or defend actions "for the protection of estate assets." *See id.* §§ 475.130.1, 475.130.6(14).

A guardianship is both more general and more comprehensive. A guardian is empowered to "make decisions regarding the adult ward's support, care, education, health, and welfare." *Id.* § 475.120.3. These may include matters such as deciding where the ward lives and making funeral arrangements for the ward. *See id.* §§ 475.120.3(1), 475.120.9.

There is, of course, some overlap between the circumstances of disabled persons and incapacitated persons. In particular, a disabled person's inability to manage his financial resources may expose him to physical injury, illness, or disease, such that the person also is incapacitated. But the overlap is not inevitable or necessarily immediate, particularly if the person has access to the "appropriate services" referenced in the definition of "incapacitated person." *Id.* § 475.010.11. Thus, if I were to equate "incompetent person" in Rule 1004.1 with "incapacitated person" under state law, a meaningful number of disabled persons in need of bankruptcy relief would be unable, as a practical matter, to obtain it because no representative could act on their behalf. There is no reason to believe that the rulemaking authorities intended for debtors who are unable to manage their financial resources to remain on the sidelines, exposed to creditor actions, until their personal circumstances become so dire that a guardianship is appropriate.

I conclude, therefore, that a debtor who is "disabled" under Missouri law is "incompetent" for purposes of Rule 1004.1, such that a representative, a next friend, or a guardian ad litem may file a bankruptcy petition on the debtor's behalf.

In this case, the evidence establishes that Carlos is disabled. Tamara testified that Carlos experienced serious health issues in the fall of 2022. She also stated that on the date the power of attorney was executed in February 2023, Carlos understood his medical condition and the purpose of the instrument. However, by the time the bankruptcy petition was filed on October 31, 2023, Carlos's mental capacity had significantly diminished. Tamara testified that Carlos is unable to process complex or new information. Nor is he able to pay his bills or understand the extent of his financial resources. Therefore, I find that Carlos is incompetent for purposes of Rule 1004.1.

### B.  Tamara, as Attorney in Fact, Cannot File a Bankruptcy Petition for Carlos.

Next, I must determine whether Tamara qualifies as a person who may file a bankruptcy petition on behalf of Carlos. Tamara argues that as Carlos's attorney in fact, she is a "representative" permitted to initiate this case under Rule 1004.1.

The language of the power of attorney supports Tamara's position in certain respects. It appears to meet Missouri's basic statutory requirements for validity and durability. *See* § 404.705, RSMo. It also grants Tamara "general authority to act" for Carlos with respect to "Claims and Litigation." This general authority is not the same as a grant of general powers—for example, the power "to act with respect to all lawful subjects and purposes." *Id.* § 404.710.2. Rather, a grant of general authority with respect to an express subject, such as litigation, is confined in scope to that particular subject. *See id.* § 404.710.3.

As a general principle, Missouri courts strictly construe powers of attorney. *See Mercantile Trust Co., N.A. v. Harper*, 622 S.W.2d 345, 349 (Mo. Ct. App. 1981); *In re Lambur*, 397 S.W.3d 54, 64 (Mo. Ct. App. 2013). However, because a power of attorney is ultimately an agency relationship, "a strict construction does not preclude implied authority to act." *Ingram v. Brook Chateau*, 586 S.W.3d 772, 775 (Mo. 2019). The *Ingram* court relied heavily on the Restatement (Second) of Agency § 35 (1958), which provides that "authority to conduct a transaction includes authority to do acts which are incidental to it, usually accompany it, or are reasonably necessary to accomplish it." *Ingram*, S.W.3d at 776 (cleaned up). Whether Tamara's powers regarding claims and litigation are sufficient to permit her to commence a bankruptcy case under the *Ingram* standard, therefore, is a complex question.

I need not resolve this question, because even if the power of attorney grants Tamara authority to file a bankruptcy petition for Carlos, an attorney in fact is not a "representative" for purposes of Rule 1004.1. The rule states that "representative . . . includ[es] a general guardian, committee, conservator, or similar fiduciary." Fed. R. Bankr. P. 1004.1. The meaning of "similar fiduciary," and indeed the meaning of "representative" itself, must be determined in the context of the three specific examples included in the rule. No one would contend, for example, that Carlos's representative in Congress could commence a bankruptcy case on his behalf. *See Yates v. United States*, 574 U.S. 528, 546 (2015) (holding that phrase "record, document, or tangible object" does not include illegally caught fish). Rather, under the principle of *noscitur a sociis*, the broad terms "representative" and "similar fiduciary" derive meaning from the more specific terms that surround them. *See id.* at 543.

Guardians, committees, and conservators have two important characteristics in common: they are appointed by and supervised by courts, *see* 57 C.J.S. *Mental Health* § 113 (2023), and they centralize decision-making power in one individual or group, *see, e.g.*,

*Kjellsen*, 53 F.3d at 946 (holding that guardian was debtor's "duly appointed representative," such that purported next friend could not commence bankruptcy case). An attorney in fact is not an officer of the court. *See Mikesic v. Trinity Lutheran Hospital*, 980 S.W.2d 68, 74 (Mo. Ct. App. 1998). Moreover, nothing prevents a debtor from granting powers of attorney to several individuals over the course of his lifetime. *See* § 404.707.1, RSMo. ("A principal may appoint more than one attorney in fact."). As a result, it is possible—though not particularly likely—that several attorneys in fact for a single debtor could take inconsistent actions in preparation for or in the conduct of that debtor's bankruptcy case. *See In re Benson*, No. 10-64761, 2010 WL 2016891, at *2 (Bankr. N.D. Ga. Apr. 30, 2010) (appointing guardian ad litem for debtor who had two relatives holding powers of attorney but no "duly appointed representative").

Another distinction is important as well. Rule 9010(a) permits any party, including a debtor, to "perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy." Fed. R. Bankr. P. 9010(a). Rule 1004.1 is more specific than Rule 9010(a) in two respects: it concerns the filing of a voluntary petition, and it addresses actions taken on behalf of principals who are unable to act for themselves. As the more specific rule, Rule 1004.1 controls here. *See, e.g.*, *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 524 (1989); *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958). And it is notable that the three types of actors identified in Rule 9010(a)—agents, attorneys in fact, and proxies—are not specifically included among the representatives authorized to commence a voluntary case.

Because of these distinctions, I conclude that a "representative" under Rule 1004.1 does not include a person who acts merely as the debtor's attorney in fact.

### C. Tamara Qualifies as Carlos's Next Friend.

Tamara's failure to qualify as a representative is not the end of the matter. Rule 1004.1 permits an incompetent person who does not have a duly appointed representative to file a petition by a "next friend." Although "next friend" is not defined, the term is "broad enough to include anyone who has an interest in the welfare of an infant or incompetent person who may have a grievance or a cause of action." *In re Brown*, 645 B.R. 524, 529 (Bankr. D.S.C. 2022) (cleaned up). The Supreme Court has formulated a test to determine whether a person may qualify as next friend in the habeas-corpus context, and other bankruptcy courts have adopted that test under Rule 1004.1. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *Brown*, 645 B.R. at 529; *Maes*, 616 B.R. at 800. First, the party must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf." *Whitmore*, 495 U.S. at 163. Second, the proposed next friend must "be truly dedicated to the best interests of the person" and have a "significant relationship with the real party in interest." *Id.* at 163-64.

Tamara qualifies as Carlos's next friend. First, as described above, Tamara provided sworn testimony regarding Carlos's inability to process complex information or understand his financial affairs. This is a sufficient explanation for Carlos's inability to file or prosecute this case himself. Second, because Tamara has been married to Carlos for 28 years and their joint debts are substantial, they have a "significant relationship" permitting Tamara to pursue this case on Carlos's behalf.

Therefore, I conclude that Tamara qualifies as Carlos's next friend for purposes of this case, and her filing of the bankruptcy petition on behalf of Carlos was valid.

### D. Tamara Should Be Appointed as Guardian Ad Litem.

Rule 1004.1 directs a bankruptcy court to appoint a guardian ad litem on behalf of an incompetent debtor who "is not otherwise represented." Fed. R. Bankr. P. 1004.1. Furthermore, the court must "make any other order to protect the infant or incompetent debtor." *Id.*

The appointment of Tamara as guardian ad litem is necessary because Carlos is unrepresented in this bankruptcy case. Although Tamara is the next friend of Carlos, a next friend is not a "representative" for purposes of Rule 1004.1. *See Maes*, 616 B.R. at 801; *Brown*, 645 B.R. at 529-30.

Therefore, I conclude that Tamara Rivas should be appointed as guardian ad litem for Carlos Rivas solely for the purposes of this bankruptcy proceeding, including any related contested matters or adversary proceedings.

### E. Waiver of the Credit-Counseling and Financial-Management Requirements Is Appropriate.

A debtor may be excused from the credit-counseling and financial-management course requirements if, after notice and hearing, the court determines that the debtor is unable to complete the requirements because of "incapacity." *See* 11 U.S.C. §§ 109(h)(4) (credit-counseling exception), 727(a)(11) (financial-management course exception). Incapacity exists if "the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." *Id.* § 109(h)(4).

As described above, the evidence establishes that Carlos is unable to manage his financial resources or to process complex information. Therefore, I find that Carlos is incapacitated for purposes of Section 109(h)(4). Carlos will not be required to complete the credit-counseling and financial-management courses.

### III.  Conclusion

For these reasons, I will enter a separate order granting the Motion and appointing Tamara Rivas as guardian ad litem for Carlos Rivas.

Dated:  December 12, 2023
St. Louis, Missouri
cjs

_____
Brian C. Walsh
United States Bankruptcy Judge

Copies to:

**Carlos Alberto Rivas**
3906 Valley View Lane
Cape Girardeau, MO 63701

**Tamara Lynn Rivas**
3906 Valley View Lane
Cape Girardeau, MO 63701

**John A. Loesel**
Lichtenegger, Weiss & Fetterhoff, LLC
2480 E. Main St.
Jackson, MO 63755

**D Matthew Edwards**
Burns Taylor Heckemeyer Green & Edwards
733 N Main
PO Box 67
Sikeston, MO 63801

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102